HARVEY E. MARSH, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF ALFRED E. MARSH, DECEASED, APPELLANT, V. DORA MARSH ET AL., APPELLEES, IMPLEADED WITH CLARK LEROY MARSH ET AL., APPELLANTS.

113 N. W. 2d 323

Filed February 9, 1962. No. 35058.

*Beatty, Clarke, Murphy, Morgan, Pedersen & Piccolo, L. W. Balderson,* and *Lowell C. Davis,* for appellants.

*Clinton & McNish,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

In this action, according to the transcript which has come to this court, Harvey E. Marsh, individually and as executor of the estate of Alfred E. Marsh, deceased, filed a petition for a declaratory judgment construing the last will and testament of the deceased. The deceased died February 5, 1959, and the petition was filed November 24, 1959. Harvey E. Marsh is a son of the deceased. Dora Marsh, widow, and Fern Marsh Olsen, daughter of the deceased, respectively, were made defendants. The petition declared the relationship of these parties to the deceased and declared that they were the sole legatees, devisees, and beneficiaries under the will, and the sole and only heirs at law.

Paragraph IV of the petition described the property of which the deceased died seized. Real estate consisted of one lot. The balance of the estate was personal property.

By the petition it was declared there was necessity for construction of the will, and particularly as to the meaning of paragraph I of the will and a codicil dated December 3, 1958. This is a second codicil.

Paragraph I of the will is as follows: "I direct that all my debts and funeral expenses be paid first."

Paragraph V of the will is as follows: "It is my express wish and desire that the money and securities of which I may die possessed shall be invested in real property or securities, at a reasonable rate of interest, and the income therefrom be paid semi-annually to my wife, said Dora Marsh, during her natural life time, the capital investment to be kept intact and to be a Trust Fund with the income therefrom for the benefit and use of my wife, said Dora Marsh, and such investment to be made by the executor of this, my Last Will and Testament, After my estate has been fully probated and closed, and the executor discharged, it is my express wish that then the Judge of the District Court of this (Cheyenne) county appoint a capable and trustworthy trustee to take over, manage and care for said Trust Fund under such proper rules and regulations as he, the Judge of the District Court, may designate."

The portion of the second codicil which contains the declaration of its purpose is the following: "To clarify and make specific the purpose and intent of paragraph V. of my Last Will and Testament executed by me on the 15th day of November, 1948, and the Codicil thereto executed by me on the 23rd day of February, 1949, I give and bequeath to my son, Harvey E. Marsh, all of the personal property of which I may die the owner IN TRUST for the use and benefit of my wife, Dora Marsh, during her lifetime. Said Trustee is hereby empowered to invest, sell or otherwise dispose of said Trust Estate for the purposes herein stated without the necessity of Court approval, and under such circumstances as to him shall seem best calculated. Said Trustee shall have full power and authority to use and expend said Trust Estate in his sole discretion for the purpose of providing amply for my wife, Dora Marsh. It is my intention that the powers herein granted to Harvey E. Marsh shall be exercised by him first as Executor of this, my Last Will and Testament, and then as Trustee after the probate of my estate."

The will by its terms devised to the widow a life estate in the real estate, and also the personal estate, except a few items, with remainder in both to Harvey E. Marsh in case he survived the widow and if he did not to his living children. Harvey E. Marsh had two minor children whose names and ages on March 3, 1961, were respectively Clark LeRoy Marsh, 18, and Douglas Harvey Marsh, 16. Neither these nor any contingent remaindermen were made parties to the action. The portion of the personal estate which was composed of money and securities was placed in trust for the widow's life with Harvey under conditions described in the will. The only condition which will be mentioned here is that money received from this source or this part of the trust should be invested in real property or securities.

By the first codicil, which was made on February 23, 1949, the deceased empowered the named executor, in case of illness, financial distress, or difficulty of the widow to provide for her out of the trust fund or other real or personal property. There was no change in this codicil as to classification of property for the purpose of distribution.

By the second codicil all of the personal property was made a part of the trust instead of the money and securities alone. The unexpended balance of this, on the death of the widow, was bequeathed to Harvey E. Marsh. It is therein declared that the codicil was to make specific the purpose and intent of paragraph V of the will.

What has been said here as to these instruments shall not be construed as an interpretation and adjudication upon any issue but only as a reflection to the extent stated of the petition.

Insofar as the record here is concerned process was not issued for anyone except Dora Marsh, the widow. She filed an answer. Its contents do not appear of consequence here. There are no other pleadings to or concerning the petition.

A journal entry, the apparent purpose of which was to adjudicate finally the matter which had been presented by these pleadings, was entered on March 15, 1960. This entry contains the following: "The matter then proceeds to trial, evidence is submitted, and in consideration thereof the Court does find: * * *." It is not deemed necessary for the purposes of this opinion to set forth here any of the findings.

The final paragraph of the entry is the following: "The Court does further find that in consideration of the agreement of both parties to the entry of the decree above specified it has been stipulated in open court that no appeal will be taken by either party from said decree."

There is nothing in the record except the journal entry the effect of which is to say that there was or was not a trial.

This pretended determination is however not the one which is the basis of this appeal. What its status is may not be definitely ascertained from the record. There is a suggestion that there was a motion relating to it which was set for hearing, but what the motion was or what disposition was made of it has not been disclosed. There is a questionable inference that the motion was to set aside the journal entry.

The journal entry which is the basis of this appeal is one dated March 22, 1961, based on an amended petition dated February 9, 1961, with an amendment thereto dated March 16, 1961. By the amended petition Clark LeRoy Marsh and Douglas Harvey Marsh, apparently minors, together with unknown contingent remaindermen, were made additional parties defendant. Substantially the same relief was prayed as that prayed in the petition filed on November 24, 1959. In addition the court was requested to appoint a guardian ad litem for the two newly named defendants.

The record does not disclose that any process was issued for or served upon the named new defendants.

This is also true as to the amendment which was filed March 16, 1961.

A guardian ad litem was appointed on March 3, 1961. On March 8, 1961, the guardian ad litem filed an answer on behalf of the two named new defendants and the unknown contingent remaindermen. The answer was in substance a general denial based on a declaration that he was without knowledge of the truth of the allegations of the petition. He requested that the plaintiff should be put on strict proof. No other pleadings were filed.

The next step disclosed by the record is the rendition of the adjudication which was made on March 22, 1961. The journal entry recites that the matter came on for hearing with all parties represented and "The matter then proceeds to trial, evidence is submitted, and in consideration thereof the Court does find: * * *."

The final paragraph of the journal entry is as follows: "The court does further find that in consideration of the agreement of both parties to the entry of the decree above specified it is stipulated that no appeal will be taken from either party from said decree."

The determination made on the basic issues pleaded was not materially different than the one made by the journal entry of March 15, 1960.

The record discloses that in truth there was no evidence taken and there is no record of agreement for rendition of judgment without trial or of stipulation not to appeal.

As to the matter of whether or not evidence was taken, notice of appeal was filed on April 20, 1961, on behalf of the plaintiff and of the two named new defendants, and on the same day they ordered a bill of exceptions. The bill returned by the official court reporter, to the extent of consequence here, contained the following: "The complete Bill of Exceptions is as follows: VOLUME I, Testimony and Exhibits, NONE."

From recitals made in a hearing at chambers in Kimball, Nebraska, on what appears to have been an appli-

cation of the appellee herein to amend the bill of exceptions, it becomes clear from statements which the judge who rendered the purported judgment of March 15, 1960, was allowed to make in response to questions relating to what occurred on March 15, 1960, that on that date there was no trial. The purported amendment was allowed, but there is nothing therein which had any bearing on any issue pertaining to what took place on March 22, 1961.

The appeal was taken jointly by the plaintiff in his two capacities and the two named new defendants who are designated as minor defendants.

The brief of appellants contains 16 separate assignments of error as grounds for reversal, but from a review of the record it appears that there are matters which require consideration by this court on its own motion, which have significance in the area of jurisdiction and the integrity of legal processes.

As pointed out this is a declaratory judgment action. As to such an action section 25-21,159, R. R. S. 1943, contains the following: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

In Wood Realty Co. v. Wood, 132 Neb. 817, 273 N. W. 493, this court said: "It is well-settled law that the statute authorizing a declaratory judgment is applicable only where all interested persons are made parties to the proceeding." See, also, Redick v. Peony Park, 151 Neb. 442, 37 N. W. 2d 801; Haynes v. Anderson, 163 Neb. 50, 77 N. W. 2d 674.

In Stahl v. Allchin, 155 Neb. 412, 52 N. W. 2d 251, it was said: "An action to secure a declaration of rights under the Uniform Declaratory Judgments Act is designed to terminate a controversy so far as it relates to the parties and facts giving rise thereto, and courts should, under most circumstances, dismiss such an ac-

tion without prejudice, whenever all parties, whose claims gave rise to the controversy and whose rights upon such claims would be adjudicated by the declaration sought, had they been a party to the action, have not been impleaded."

In Redick v. Peony Park, *supra,* the court quoted with approval the following from Holland v. Flinn, 239 Ala. 390, 195 So. 265: " 'No matter what may be the wishes of the parties in court the courts will not entertain and render decrees, which, for want of necessary parties cannot adjudicate the questions presented. This rule has been declared by many courts in cases under the Declaratory Judgment Law.' " This pronouncement was made in an instance where remaindermen were not named parties. The Supreme Court raised the question on its own motion and held that the question was one of jurisdiction.

It becomes clear therefore that the purported judgment of March 15, 1960, was subject to attack on account of want of jurisdiction, which was a question which could be properly raised by the court on its own motion. In view of the filing of the amended petition and the amendment thereto it is inferable that the parties recognized this lack of jurisdiction.

Now with reference to the amendatory pleadings naming new parties defendant it was proper to appoint for them a guardian ad litem. The appointment however could not be made until after the service of summons in the action. See § 25-309, R. R. S. 1943. By the terms of this statutory provision and by the following statement appearing in In re Estate of Bayer, 116 Neb. 670, 218 N. W. 746, compliance in the present action was necessary: "Section 8533, Comp. St. 1922 (§ 25-309, R. R. S. 1943), relied upon by appellants, would seem to have no application to this case, because its terms are limited to the requirement that the defense of an infant must be by a guardian ad litem."

Assuming the proper appointment of a guardian ad

litem it is his duty to deny by answer all material allegations of the petition prejudicial to the defendant represented. See § 25-819, R. R. S. 1943. This was done by the guardian ad litem in this case.

Another duty of importance however was not performed by the guardian ad litem. It was his duty to submit all relevant defenses or legal claims the persons represented by him might have had, and if he failed to do so it was the duty of the court to protect the rights neglected, regardless of the conduct of the guardian. In re Estate of Manning, 85 Neb. 60, 122 N. W. 711.

This was not done, but on the contrary, if the inferences of the journal entry are to be accepted, the guardian ad litem consented to the entry of judgment without trial and further agreed to take no appeal.

By her brief the appellee Dora Marsh urges that the pretended adjudication of March 15, 1960, protects the pretended adjudication of March 22, 1961, from attack on the ground that it is res judicata. The position is under the holdings of this court untenable.

In Warren v. County of Stanton, 145 Neb. 220, 15 N. W. 2d 757, this court considered the question of whether or not a judgment agreed to by parties acting in a representative capacity and which was rendered without trial must be accepted as res judicata in a subsequent action, and arrived at a definite conclusion. The representatives there were public officials whereas here they are an executor and a guardian ad litem. It becomes difficult to see that any different rule should apply. Authorities from other jurisdictions are considered in the opinion. In that opinion the following was quoted with approval from Lawrence Mfg. Co. v. Janesville Cotton Mills, 138 U. S. 552, 11 S. Ct. 402, 34 L. Ed. 1005: " 'The prior decree was the consequence of the consent and not of the judgment of the court, and this being so, the court had the right to decline to treat it as res adjudicata; * * *.' "

In the light of this it must be said that the contention

of the appellee Dora Marsh that the pretended adjudication of March 15, 1960, was res judicata may not be sustained.

It is perceptible from what has been said that the proceedings in this case from the beginning to the final judgment departed from the properly declared and defined legal processes applicable in the presentation of matters such as are presented for determination in this case. The departures are of such significance and of such possible consequence that, although they are not presented by assignment of error, they should not be ignored or overlooked on review by this court, unless there exists no legal power to review.

Under the authorities cited this court does have this power, which power it may exercise on its own motion. The fact that the appellants who have presented the case to this court apparently were parties who agreed to the judgment or judgments will not be allowed to prevent this court from exercising its power to reject the processes which have been described, and adjudicate accordingly herein.

The conclusion reached is that the proceedings herein should be rendered for naught. In this connection it is stated that while this decision does not depend upon the merits of the issues presented by the pleadings, examination of the record including the pretended judgments does not present any indication or inference that such action would deprive anyone of any substantial legal or equitable right under the will and its codicils no matter what a proper construction thereof might be.

The judgment or judgments of the district court are reversed and the cause remanded with directions to dismiss the entire action. This dismissal however shall be without prejudice to the commencement and proper prosecution of an action to construe the will and its codicils.

REVERSED AND REMANDED WITH DIRECTIONS.