Walter R. ROTH, Appellant,

v.

The WESTERN ASSURANCE COM-
PANY, Inc., Appellee.

No. 17011.

United States Court of Appeals
Eighth Circuit.

Oct. 19, 1962.

Martin A. Cannon, Omaha, Neb., for
appellant.

Gross, Welch, Vinardi, Kauffman,
Schatz & MacKenzie, Omaha, Neb., for
appellee.

Before JOHNSEN, Chief Judge, and
MATTHES and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

This is an appeal from a judgment de-
claring no coverage was afforded by the
insuring clause of a "Comprehensive Per-
sonal Liability Policy" against a claim
for damages made by appellant against
Robert W. Jones, one of the insureds
named therein. The insured Jones com-
menced this action seeking a declaration
that appellee was obligated by the terms
of such policy to defend the action seek-
ing damages for personal injuries com-
menced by appellant against Jones. The
District Court granted appellant permis-
sion to intervene in that action upon
grounds that "intervener has an interest
in (this) controversy—and by his inter-
vention submits himself to the jurisdic-

tion of this Court and will be concluded by the judgment entered herein." By his intervention appellant sought a declaration that appellee was obligated "to pay or satisfy any judgment that may be rendered against" Jones "and in favor of intervener (appellant) as a consequence of such personal injury claim."[1]

After trial of the above issues on their merits the District Court made findings of fact and conclusions of law which, among other things, declared that appellee "was entitled to judgment—against plaintiff (Jones) and intervener (appellant) declaring that the policy in question afforded no coverage so far as the accident (in question) is concerned and that defendant (appellee) had no obligation to defend the personal injury suit referred to in the findings—and no obligation to pay or satisfy any judgment that may be rendered against the plaintiff (Jones) and in favor of intervener Roth" in that action. Jones, the insured, did not appeal from that adverse judgment. Appellant alone, as intervener in the case at bar, prosecutes this appeal.

The issue on appeal, as in the District Court, revolves around the construction and interpretation to be given to the "insuring agreement" and "exclusion" clause found in the above-mentioned liability policy. The facts are not in dispute.[2] The following tersely stated facts, among others as found by the District Court, are all that need be recited.

Prior to and at the effective date of the policy in suit, Jones, the insured, and his spouse maintained their residence at 4818 Curtis Avenue, in Omaha, Nebraska. Jones had purchased a lot and had started building a new house at 7621 North 57th Street in that City. He was doing the building himself, but hired Roth (appellant) at an hourly wage to assist him. The action instituted by ap-

pellant against Jones was grounded on alleged negligence of Jones in furnishing Roth an unsafe ladder for use while he was working for Jones in the construction of the house Jones was building. Hence the basis of action for damages between Roth and Jones.

Jones called upon appellee to defend him in that suit. Defendant refused, contending that facts giving rise to the claim made by Roth in his personal injury action against Jones were not covered by the policy of insurance involved, because the location of the accident was excluded from coverage by "Exclusion (a)" of its policy when read in connection with "Insuring Agreement IV(a)." Under "Exclusion (a)" the policy recited it "does not apply—to any act or omission in connection with *premises*, other than as defined, which are owned, rented or controlled by an insured."

Insuring Agreement IV(a) of the policy in suit defined "premises" as follows:

"The unqualified word 'premises' means (1) * * * premises where the insured or his spouse maintains a residence * * * (4) vacant land,—owned by or rented to an insured. Land shall not be deemed vacant following the commencement of any construction operations thereon unless such operations are being performed solely by independent contractors in connection with the construction of a one or two family dwelling for the insured."

Another definition of "premises" in the Insuring Agreement included "all premises where the named insured or his spouse maintains a residence—." The policy in question stated the insured's address as 7621 North 57th Street, when in fact they maintained their residence and lived at 4818 Curtis Avenue, Omaha, Nebraska.

1. Under the form of declaratory judgment relief considered in Marsh v. Marsh, 173 Neb. 282, 113 N.W.2d 323 (1962); and U. S. F. & G. Co. v. Pierson, 97 F.2d 560 (8 Cir. 1938), such intervention was properly allowed.

2. It is here noted that no issue of reformation of the policy as written is here involved and that Jones, the insured, specifically rejected that issue before the District Court.

On the above facts, among others, found by the District Court, the following conclusions of law were stated:

"1. This Court has jurisdiction of the subject matter and the parties herein.

"2. Under Exclusion (a) read in connection with Insuring Agreement IV(a) the policy in question, while in force and effect on May 10, 1958, did not afford coverage for the accident and injury sustained by intervener Roth on that date.

"3. Exclusion (a) in the policy in question, excluding any act or omission in connection with premises, other than as defined, which are owned, rented or controlled by an insured, is valid and binding on the parties herein.

"4. The lot on which the house was being constructed by the plaintiff at the time of the accident and injury sustained by intervener Roth was not 'vacant' and did not qualify as 'vacant land' within Insuring Agreement IV (a) (4).

"5. The definition of 'premises' contained in Insuring Agreement IV (a) (1) as including 'all premises where the named insured or his spouse maintains a residence * * ' is not applicable herein.

*  *  *  *  *  *

"7. Defendant is entitled to judgment herein against plaintiff and intervener declaring that the policy in question afforded no coverage so far as the accident of May 10, 1958, is concerned and that defendant has no obligation to defend the personal injury suit referred to in the findings herein and no obligation to pay or satisfy any judgment that may be rendered against the plaintiff herein and in favor of intervener Roth."

Seeking reversal of the judgment of the District Court entered on the above declarations, appellant contends (1) that the "act asserted as a basis of liability" in the personal injury action commenced by him against Jones "was not an 'act or omission in connection with premises' " as stated in the policy in suit, but was the act of furnishing a ladder which "had no legally important connection with any premises"; (2) that "even if—the act was in connection with premises—the premises on 57th Street were not 'other than as defined' in the policy" in suit, "(a) because the premises were specifically defined in the declaration" thereof; and (b) "the 57th Street premises were within the general definition of IV(a) (1) (of the insuring clause) since the insured did maintain a residence" at that address; and, (3) "even if insuring agreement IV(a) could be held to avoid coverage, it has been removed by the language of the rider" attached to such policy by the appellee.[3]

The sum and substance of appellant's contention here is tantamount to saying that "parts" of the insuring provisions of the policy in suit are in conflict with certain "exclusions" stated therein, and

---

3. The latter contention made by appellant is so manifestly frivolous and without merit we merely cite, in disposing thereof, the District Court's Finding of Fact and Conclusion of Law made in respect thereto:

"Finding of Fact.

"9. By an amendment of the comprehensive personal liability policy in question, which was in effect at the time of the accident the last 'paragraph' of Insuring Agreement IV(a) relating to 'business property' was changed and replaced by a new sentence having no materiality herein. While the amendment uses the word 'paragraph', actually it was only the last sentence of Paragraph IV(a) that was changed, and this alteration did not have the effect of eliminating Paragraph IV(a) (1), (2), (3), and (4). The intent of the amendment was to replace the 'business property' sentence only."

"Conclusion of Law.

"6. The amendment of the policy in question which was in force and effect at the time of the accident relating to Insuring Agreement IV(a) had only the effect of changing the definition of 'business property' and did not replace or affect the other definitions of premises contained in said Paragraph IV(a)."

that under universally accepted rules of construction relied on by appellant the provisions of the policy having been prepared by appellee as "an insurer" they "will be construed liberally in favor of the insured and strictly against the insurer."

■ But as stated by Judge Sanborn of this Court, in Automobile Insurance Company of Hartford, Conn. v. Denny, 206 F.2d 401, 403, 404 (8 Cir. 1953):

"The rule for construing the provisions of an insurance policy has never been better stated than by Mr. Justice Sutherland in Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 492, 52 S.Ct. 230, 231, 76 L.Ed. 416, where it is said:

"'* * * It is true that where the terms of a policy are of doubtful meaning, that construction most favorable to the insured will be adopted. Mutual Life Ins. Co. [of New York] v. Hurni [Packing] Co., 263 U.S. 167, 174, 44 S.Ct. 90, 68 L.Ed. 235; Stipcich v. [Metropolitan Life] Insurance Co., 277 U.S. 311, 322, 48 S.Ct. 512, 72 L.Ed. 895. This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings.

"'Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary, and popular sense. Imperial Fire Ins. Co. v. Coos County, 151 U.S. 452, 462, 463, 14 S.Ct. 379, 38 L.Ed. 231. .* * *'"

Notwithstanding appellant's contention that the policy in question is uncertain or of a doubtful meaning, we do not find any ambiguity exists therein. Therefore "the Court will not read an ambiguity into (its) plain language in order to construe it against the one who prepared the contract." Pickens v. Maryland Casualty Co., 141 Neb. 105, 2 N.W. 2d 593, 596.

The policy provides that it should "not apply—to any act or omission in connection with premises, *other than as defined*—which are owned, rented or controlled by (the) insured." Insuring Agreement IV(a) supra defines "premises". Only two such definitions thereof could have any possible application to the facts in the case at bar, namely: (1) premises where the insured or his spouse maintain a residence; and (2) vacant land owned by the insured. The only inference to be made from the undisputed facts is that neither Jones nor his spouse, the named insureds, maintained a residence at 7621 North 57th Street, where the injury to appellant occurred. The definition of "premises", (4) supra, provides that land shall not be deemed "vacant land—following the commencement of any construction operation thereon unless such operations are being performed by independent contractors in connection with the construction of a one or two family dwelling for the insured." The undisputed evidence is that Jones himself was progressing with the construction of a house on the "premises" at 7621 North 57th Street and that appellant was an employee of Jones, helping in the work so being performed, and not an independent contractor at the time of his injury. When the "Insuring Agreement" and definition (4) are read together we can find no conflict therein nor do we consider the same to be uncertain or of doubtful meaning. It seems clear to us, as the District Court stated, Jones perhaps thought that he was purchasing "a policy of insurance that would protect him against liability for an accident that might occur in connection with the construction of a new home that he was building," but from a recognition

of factors existing in the "construction industry—where the hazards are great and workmen are injured," paragraph IV(a) and (4) were specifically incorporated in the instant policy as an 'exclusion' of such hazards, and such is the only interpretation to be given to the plain provisions of the policy of insurance here considered." We agree. A reasonable inference is that the "insured" Jones is of a like mind, because he has accepted that declaration made by the District Court.

■ As to appellant's contention that the "basis of liability" of his claim asserted against Jones "was not an 'act or omission in connection with premises' at all" but was the act of "furnishing of a ladder" which "had no legally important connection with any premises," —such is too strained an argument to posit coverage of his claim against Jones under the policy and facts here. Even the "rule to construe ambiguous or inconsistent terms of an insurance policy in favor of insured, because insurer selected the language used" as contended by appellant, "does not justify the imposing of insurance risks not assumed." Himelbloom v. Metropolitan Life Ins. Co., 128 Neb. 52, 257 N.W. 525, 527.

■ Appellant, Roth, was descending the ladder in question after climbing up the same to the rafters of the house being constructed to set some joists. What caused the ladder to break is not disclosed in the record but, assuming it was defective, the fact remains that it was being used in connection with the construction of a house on *premises* excluded from coverage by the terms of this policy.

■ The fact that Jones caused an incorrect address to be typed in the policy does not militate against appellee's right to rely on the terms of its policy as issued. Jones had no residence at the 57th Street address. His residence was on Curtis Avenue. By the plain terms of the policy there was no coverage extended to the 57th Street premises "following the commencement of any construction operations thereon unless such operations (were) being performed solely by independent contractors * * *."

Affirmed.