Roy Baker, appellant, Lorene Smith, Executrix of the Estate of Roy Baker, deceased, substitute-appellant, v. A. C. Nelson Co., et al., appellees, Ella Baker, intervener-appellee.

174 N. W. 2d 197

Filed February 6, 1970.  No. 37244.

Lyman & Meister, for appellant.

Wright, Simmons & Hancock, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an appeal from a judgment of the district court sustaining a motion for summary judgment by which the court found that defendants were entitled as a matter of law to recover the sum of $1,320 from the plaintiff as the amount remaining due on a motor vehicle installment contract. The plaintiff appealed.

Plaintiff's petition alleges that on August 1, 1960, plaintiff purchased a house trailer; made a downpayment of $850 in cash or its equivalent; and executed a motor vehicle installment contract in the amount of $5,040, payable in 60 monthly installments of $84 each. The amount of the installment contract is shown by its terms to consist of the following items: The cash sale price, $4,350; a downpayment of $850; the unpaid balance of cash price, $3,500; cost of insurance, $220; the basic time price, $3,720; the time price differential, $1,320; the time balance due, $5,040; and the time sale price, $5,890. When the present action was commenced, plaintiff had paid 44 monthly installments of $84 each on the contract for a total of $3,696, leaving a balance due of $1,344. By a stipulation of the parties, plaintiff paid the $1,344 into court as the installments became due and the plaintiff retained possession of the house trailer. Under the stipulation, the $1,344 was paid into court to abide the decision of the court in the present case and that such payments paid into court were not to be treated as an admission of liability or lack of it by any party to the action.

The defendant, Central Credit Corporation, filed its answer denying that it had any interest in the litigation; asserting that it acted solely as a collection agent for the defendant, A. C. Nelson Co., and that Ella Baker is a necessary party in that she was signatory to the con-

tract; and praying for a dismissal of the action.

The defendant, A. C. Nelson Co., filed its answer and cross-petition admitting that it entered into the installment contract with plaintiff and his wife, Ella Baker; asserting that Ella Baker has an interest in the installment contract and house trailer and is a necessary party; contending that the contract is valid; and praying in its cross-petition for a dismissal of plaintiff's petition and for a judgment in the amount of $1,344 to be paid from the funds held in the registry of the court pursuant to the stipulation of the parties. It denies all other allegations of plaintiff's petition. In reply to the cross-petition of Nelson Company, plaintiff alleges that Nelson Company has waived, by failure to demur, the contention that Ella Baker is a necessary party and is estopped to assert that Ella Baker is a necessary party by praying for a judgment in the amount of the fund held in the registry of the court.

The Nelson Company filed a motion in the instant case to permit a demurrer after answering on the ground that the failure of the plaintiff to file a copy of the contract pursuant to the rules of court had misled the Nelson Company and resulted in its failure to demur on the ground of failure to bring a necessary party into the suit. The demurrers were filed and, after a hearing, the demurrers were overruled. Thereafter on July 18, 1967, Ella Baker filed her petition in intervention, claiming a one-half interest in the house trailer and asserting that the amount due on the contract was $24 and not $1,344 because of usury; tendered $12 into court as her share of the amount due; and demanded that she receive indicia of title to one-half of the house trailer. In answer thereto, the Nelson Company asserted that the statute of limitations had run against Ella Baker and otherwise denied generally the allegations of her petition in intervention. By an amended answer and cross-petition, the Nelson Company prayed for judgment

against the plaintiff for the $1,344 in the hands of the court.

The Nelson Company thereafter moved for a summary judgment, asserting that there was no issue of fact and as a matter of law it was entitled to judgment for $1,344 and interest. No evidence was produced at the hearing on the motion for summary judgment. The proceeding as presented was in fact a hearing on a motion for judgment on the pleadings. The motion was sustained and plaintiff has appealed.

The issue in this case involves the meaning and application of section 25-205, R. R. S. 1943, which, so far as applicable here, provides: "An action upon a specialty, or any agreement, contract or promise in writing, or foreign judgment, can only be brought within five years; Provided, that no action at law or equity may be brought or maintained attacking the validity or enforceability of or to rescind or declare void and uncollectible any written contract entered into pursuant to, in compliance with, or in reliance on, a statute of the State of Nebraska which has been or hereafter is held to be unconstitutional by the Supreme Court of Nebraska where such holding is the basis for such action, unless such action be brought or maintained within one year from the effective date of such decision or within one year from November 22, 1963, whichever is the latest in time; * * *." The action in the present case was commenced on August 3, 1964. The statute purporting to authorize the contract sued on was declared unconstitutional in Elder v. Doerr, 175 Neb. 483, 122 N. W. 2d 528, decided on June 28, 1963, and the mandate of this court was issued on October 18, 1963. It is clear that the petition of the plaintiff was filed within the 1-year period provided for in the statute and that the petition in intervention of Ella Baker was not filed within such period.

It is the contention of the defendants that plaintiff's petition does not state a cause of action for a declaratory judgment and that the relief prayed for in the petition in

intervention of Ella Baker is barred by the 1-year statute of limitations contained in section 25-205, R. R. S. 1943.

It is not contended that there was no justiciable issue in the case that is subject to determination by declaratory judgment. What is contended is that there is a want of necessary parties to invoke the benefit of the Declaratory Judgments Act. The applicable statute provides in part: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." § 25-21,159, R. R. S. 1943. It is fundamental that the rights of the parties must be determined as of the time of the commencement of the action.

This court has passed upon the necessity for making all interested persons parties to an action for a declaratory judgment. Redick v. Peony Park, 151 Neb. 442, 37 N. W. 2d 801. It has been generally held by this court that all necessary parties must be made parties to a declaratory judgment action to give the court jurisdiction to determine the questions presented. Hall v. United States Nat. Bank, 128 Neb. 254, 258 N. W. 403; Dobson v. Ocean Accident & Guarantee Corp., 124 Neb. 652, 247 N. W. 789; Southern Nebraska Power Co. v. Village of Deshler, 130 Neb. 133, 264 N. W. 462; 22 Am. Jur. 2d, Declaratory Judgments, § 80, p. 943.

The motor vehicle installment contract here involved was signed by Roy Baker and Ella Baker. Roy Baker is the plaintiff and therefore a party to the action. Ella Baker is a signer of the contract but not made a party except by intervention almost 3 years after the declaratory judgment action was commenced. The allegations of the petition in intervention are that Ella Baker owned an undivided one-half interest in the house trailer.

The record discloses that all necessary persons were parties to the action at the time the court entered its

declaratory judgment. This is all that is required to authorize the entry of such a judgment on a justiciable issue notwithstanding the evidences of procrastination that appear to have delayed the trial of the case.

A consideration of the pleadings in the case, including the petition to which a copy of the motor vehicle installment contract is attached, demonstrates that the contract is usurious under many holdings of this court including Elder v. Doerr, *supra;* and Central Constr. Co. v. Blanchard, 180 Neb. 62, 141 N. W. 2d 416. Under the foregoing holdings and a finding that a contract is usurious, the contract is not void but a recovery thereon is limited to the amount of the principal without interest, less any interest paid. § 45-105, R. R. S. 1943. There can be no doubt after an examination of all the pleadings that at the time plaintiff filed his petition for a declaratory judgment the contract was usurious and that he was entitled to such a declaration when and if all necessary persons had been made parties to the suit. The case was never dismissed for want of necessary parties but, instead, the case was permitted to drag along until all necessary persons had become parties to the action. Upon the filing of the petition in intervention by Ella Baker all necessary persons were parties to the action and the right to declaratory relief was within the power of the court to grant.

A further question for our consideration is the application of the statute of limitations as it applies to the defense of usury in the instant case as set out in section 25-205, R. R. S. 1943. Plaintiff's petition asserting the usurious nature of the installment contract was brought within the 1-year limitation contained in the act. The co-signer of the contract, Ella Baker, did not raise the question of usury for almost 3 years after the case was commenced and clearly more than the 1 year provided by section 25-205, R. R. S. 1943.

The pleadings show that plaintiff and Ella Baker were the signers of the installment contract. Each is jointly

and severally liable and each has the same community of interest. When this situation exists the general rule is: "The general rule seems to be that where a community of interest or a privity of estate exists between an intervener and other plaintiffs, a suit commenced before the expiration of the statutory period inures to the benefit of the person who intervenes therein after the time when an action would be barred. The reason for this holding is that an intervention does not constitute a new cause of action. * * * Where no community of interest or privity of estate exists between the intervener and another party or parties to the original action, the commencement of the action before the statute of limitations has run does not inure to the benefit of a person who intervenes after the time when an action would be barred." Annotation, 8 A. L. R. 2d, Bringing in Party— Limitations, § 42, p. 90. These principles have been applied in two cases by this court that we deem controlling here.

In Hickman v. Loup River Public Power Dist., 173 Neb. 428, 113 N. W. 2d 617, we said: "Where a community of interest or a privity of estate exists between an intervener and other plaintiffs, a suit commenced before the expiration of the statutory period inures to the benefit of a person who intervenes therein after the time when an action would be barred." See, also, cases collected in Annotation, 8 A. L. R. 2d, § 42, p. 90.

In Hoffman v. Geiger, 135 Neb. 349, 281 N. W. 625, the converse of the foregoing holdings is demonstrated by the following: "The petitions of the Hoffmans who alleged they sued for all other creditors similarly situated did not inure to the benefit of cross-appellants to prevent the bar of the statute, because the two classes of creditors in litigation were not similarly situated. * * * As already stated, the cross-appellants, the nine intervening creditors, were in a class different from that of the Hoffmans. * * * By intervening and demanding independent relief, they disavowed the pleas of the Hoff-

mans in their behalf. They did not borrow from the pleas of other litigants immunity from the statute of limitations." See, also, Annotation, 8 A. L. R. 2d, § 43, p. 92, and § 49, p. 107, and cases there collected.

For the reasons stated, we hold that the commencement of the action by the plaintiff inures to the benefit of the intervener.

The judgment of the district court is reversed and the cause remanded with directions to enter a declaratory judgment for plaintiff and intervener for the funds in the registry of the court in excess of the principal amount of the contract as provided by section 45-105, R. R. S. 1943.

REVERSED AND REMANDED WITH DIRECTIONS.