OMAHA PUBLIC POWER DISTRICT, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, ET AL., APPELLANTS, V. NUCLEAR ELECTRIC INSURANCE LIMITED, A COMPANY REGISTERED IN THE ISLANDS OF BERMUDA, ET AL., APPELLEES.

428 N.W.2d 895

Filed September 9, 1988.    No. 87-888.

Stephen G. Olson and Amy S. Bones, of Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., and John McPhail for appellants.

Robert M. Spire, Attorney General, and Elaine A. Catlin for appellees Robert Kerrey et al.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This is an appeal from the district court for Lancaster County. It is the second appearance of the matter in this court. Plaintiffs-appellants, Omaha Public Power District (OPPD), as owner and operator of the Fort Calhoun nuclear generating station, and Nebraska Public Power District (NPPD), as owner and operator of the Cooper nuclear generating station, brought

this action pursuant to Neb. Rev. Stat. §§ 25-21,149 et seq. (Reissue 1985), seeking a declaratory judgment that the plaintiffs' purchase of excess property insurance from Nuclear Electric Insurance Limited (NEIL) would not violate Neb. Const. art XI, § 1, or art. XIII, § 3. Plaintiffs commenced this action in July 1985, in light of a proposed federal Nuclear Regulatory Commission (NRC) amendment which would require the districts to increase their nuclear liability insurance. The district court dismissed plaintiffs' petition, after finding that no case or controversy existed. The district court also held that even if plaintiffs' action was properly brought as a declaratory judgment, plaintiffs' proposed purchase of insurance would violate Neb. Const. art. XI, § 1.

Plaintiffs then filed their first appeal to this court. We remanded the cause to the district court for further proceedings because the proposed NRC amendment, considered contingent at the time of the district court's first order, had been adopted by the NRC. On September 21, 1987, the parties informed the district court by stipulation that the NRC amendment had been adopted and was to take effect on October 5, 1987, and the case was resubmitted to the district court on the same evidence adduced at the first trial. On September 23, 1987, the district court dismissed plaintiffs' petition, after determining that plaintiffs' proposed purchase of excess insurance did not involve either a contested issue or a positive denial of rights and that plaintiffs' actions, if properly brought as a declaratory judgment, would violate Neb. Const. art. XI, § 1. This second appeal follows.

On appeal, plaintiffs set out five assignments of error, which may be consolidated into three for the purposes of this appeal. Plaintiffs contend that the district court erred in finding that the constitutionality of plaintiffs' proposed action was not suitable for declaratory judgment in that there was no actual controversy among the parties before the court; that the district court erred in finding that even if plaintiffs' action was proper for a declaratory judgment, the participation of the plaintiffs in NEIL, a mutual company, would violate Neb. Const. art. XI, § 1; and that the district court erred in failing to address the issue of whether plaintiffs' participation in NEIL would violate

Neb. Const. art. XIII, § 3. We affirm the lower court's holding that the plaintiffs' action was not suitable for a declaratory judgment.

The record shows that OPPD and NPPD are political subdivisions organized under Neb. Rev. Stat. ch. 70 (Reissues 1981 & 1986). As owners and operators of nuclear power plants, plaintiffs are under the supervision of the NRC. The NRC is a federal agency which creates and enforces regulations, which, for the purposes of this appeal, include requirements for the minimum amount of nuclear liability insurance required for each station.

An NRC amendment to 10 C.F.R. § 50.54(w) (1988), effective October 5, 1987, requires commercial reactor licensees to increase the minimum amount of onsite insurance to $1.06 billion. Before this amendment, each plaintiff carried $585 million of property insurance. Plaintiffs' affidavits show that the only insurance carrier which could provide the excess insurance is NEIL, a mutual company organized under the laws of Bermuda. When first organized, NEIL had one class of membership. In March 1985, NEIL amended its bylaws to include a second class of "non-voting" members. Such a member would have no voting rights and would not receive a share of any distributions made by the company. However, nonvoting members would be entitled to a "premium refund" in lieu of a distribution by NEIL of its assets. Nonvoting members are subject to an assessment of retrospective premium adjustment to 7.5 times the annual premium on call by NEIL under certain circumstances.

On May 23 and June 6, 1985, plaintiffs separately submitted applications to NEIL for excess insurance coverage in response to the proposed new amendment. On June 28, 1985, NEIL informed both plaintiffs by separate identical letters that both of the applications for insurance had been received and accepted and that

> Neil has been advised that your counsel is unable to issue an unqualified opinion certifying the legality under Nebraska law of your District's participation in Neil. Accordingly you are advised that only upon receipt of a favorable decision by the Supreme Court of the State of

Nebraska, clarifying in Neil's view your District's legal right to participate in Neil, will Neil issue an insurance policy to your District and submit an invoice for the coverage issued.

On July 1, 1985, the plaintiffs filed their petition for a declaratory judgment in the district court for Lancaster County. In their petition plaintiffs named as defendants: NEIL; Robert Kerrey, as Governor of the State of Nebraska; Robert Spire, as Attorney General for the State of Nebraska; and Ray A.C. Johnson, as Auditor of Public Accounts for the State of Nebraska.

The record shows that on August 30, 1985, the Governor, the Attorney General, and the Auditor of Public Accounts were served with summons. The record does not show, however, that NEIL was served, nor does the record indicate any praecipe for service on NEIL. NEIL did not file an answer, or make any appearance whatsoever. The Attorney General, on behalf of all other defendants-appellees, answered and asserted that they were "without knowledge or information sufficient to form a belief" as to plaintiffs' allegations, and further contended that plaintiffs' action was not ripe for judicial review.

In their first assignment of error, plaintiffs contend that the district court erred in finding that the constitutionality of plaintiffs' proposed action was not suitable for a declaratory judgment. Plaintiffs contend that even though NEIL has chosen not to participate in the action and has not taken any position before this court, the State defendants are necessary parties to represent the interests of the State so that a final determination of the matter, binding on the State, may be had. The State defendants, on the other hand, argue that neither the State nor the named defendants have an interest in the proceedings and that they should have no responsibility to oppose the plaintiffs' application for insurance.

Section 25-21,159 provides: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration . . . ." We have held that the statute authorizing a declaratory judgment action is applicable only where all interested persons are made parties to the proceeding. *Baker v. A. C. Nelson Co.*, 185 Neb.

128, 174 N.W.2d 197 (1970); *Marsh v. Marsh*, 173 Neb. 282, 113 N.W.2d 323 (1962).

NEIL is the party with which the plaintiffs seek to contract for excess insurance policies. Our review of the record indicates that while NEIL was named a defendant in plaintiffs' petition, NEIL was not served with process, nor did NEIL participate in the proceedings. During trial, when questioned by the court concerning NEIL's absence, plaintiffs responded as follows:

> [PLAINTIFFS' COUNSEL]: They are not going to participate. They are an off-shore company. They take the position that they don't return to the United States for fear — I don't know how to phrase this exactly. I don't understand the laws of the Islands of Bermuda. These off-shore companies don't want to voluntarily appear for fear they are going to get served or something to that effect while they are in Nebraska or Iowa. So, they don't make appearances in any of the 50 states, except New York. They have an attorney in New York who represents them. I'm a little bit in the dark as to exactly why they refuse to do this, but they simply won't do it.

> THE COURT: And they never have appeared in this case?

> [PLAINTIFFS' COUNSEL]: No.

The crux of the plaintiffs' argument is that since NEIL has chosen not to participate in the proceedings, the State should be made an interested party. We do not agree. In their brief at 7, the State defendants set out that "[t]he state appellees do not believe that it is their responsibility to oppose the appellants' application for insurance . . . or to take NEIL's position merely because they were named as defendants in the lawsuit and because NEIL has refused to become involved in this lawsuit." We agree. The State cannot be made a substitute defendant.

The rendering of a declaratory judgment would not be binding on NEIL. The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding. *Zarybnicky v. County of Gage*, 196 Neb. 210, 241 N.W.2d 834 (1976); *Arlington Oil Co. v. Hall*, 130 Neb. 674, 266 N.W. 583 (1936);

§ 25-21,154.

NEIL was not before the district court and is not before this court. The only position that NEIL has taken, insofar as the record shows, is that NEIL will issue an insurance policy, in an unknown form, to plaintiffs, only if this court clarifies, to NEIL's satisfaction, plaintiffs' right to participate in NEIL. We find it totally unnecessary to subject this court to the subjective test of a nonlitigant. We think it would violate our settled law and policy to attempt to conform with that unknown standard—NEIL's satisfaction with our clarification.

In addition, we are not persuaded by plaintiffs' contention that a contract is involved in their dispute with NEIL. Section 25-21,150 provides that "[a]ny person interested under a . . . written contract or other writings constituting a contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status or other legal relations thereunder." The only evidence in the record of a contract between the plaintiffs and NEIL is the separate letters dated June 28, 1985, which were sent by defendant NEIL to the plaintiffs in response to the plaintiffs' insurance applications. In those letters, NEIL stated that NEIL would issue an insurance policy "only upon receipt of a favorable decision by the Supreme Court of the State of Nebraska, clarifying in Neil's view your District's legal right to participate in Neil . . . ." There is also in the record an unsigned insurance policy form, but we see no evidence that NEIL would adopt that policy for plaintiffs. We cannot agree with the plaintiffs' contention that these letters constituted a contract within the meaning of § 25-21,150. The record shows, without dispute, that the parties have not yet entered into any contract. "A requisite precedent condition for obtaining declaratory relief is that the parties seeking declaratory relief have a legally protectible interest or right in the controversy." *Stahmer v. Marsh*, 202 Neb. 281, 284-85, 275 N.W.2d 64, 66 (1979). See, also, *Berigan Bros. v. Growers Cattle Credit Corp.*, 182 Neb. 656, 156 N.W.2d 794 (1968). Plaintiffs have no "legally protectible interest."

The necessary parties for an appropriate determination of this controversy are not before this court. Plaintiffs' action

presents no justifiable controversy suitable for a determination. The judgment of the district court dismissing plaintiffs' petition is affirmed.

AFFIRMED.

WHITE, J., concurs in the result.