W. PATRICK DUNN, APPELLEE, v. HAL DAUB, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS MAYOR OF THE CITY OF OMAHA, ET AL., APPELLANTS.

611 N.W.2d 97

Filed May 26, 2000.    No. S-99-017.

Paul D. Kratz, Omaha City Attorney, Wendy E. Hahn, and Michelle Peters for appellants.

John E. Corrigan and John P. Fahey, of the Law Office of John P. Fahey, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Hal Daub, Tom Graeve, and William Johnson appeal the December 22, 1998, order of the district court for Douglas County granting W. Patrick Dunn injunctive and declaratory relief. Because the city of Omaha, a statutorily necessary party, was not named as a party, we vacate the decision of the district court and dismiss the appeal.

## STATEMENT OF FACTS

On December 2, 1998, Dunn filed a verified petition for declaratory judgment and application for injunctive relief. Named as defendants in the petition were Daub, individually and in his official capacity as mayor of the city of Omaha; Graeve; and Johnson (appellants). The city of Omaha was not named and did not become a party to the action.

In the petition, Dunn alleged, inter alia, the following: that he was a taxpayer, resident, registered voter, and citizen of the city of Omaha, Douglas County, Nebraska; that Daub was the mayor of Omaha and that both Graeve and Johnson were employed by the Omaha fire division, Graeve as the fire chief and Johnson as an assistant fire chief; that at the time of filing the petition, Johnson was 61 years of age and that his 62d birthday would occur on December 26, 1998; that pursuant to Omaha Mun. Code, ch. 23, art. III, § 23-309 (1996) (the ordinance), fire division employees must retire upon reaching 62 years of age, unless a request is submitted not less than 30 days prior to the contemplated date of retirement by the chief of the fire division for an extension of the employee's service; that no such request

for an extension of Johnson's service was submitted and that it could not be submitted at the time of filing the petition because the 30-day time limit had passed; that contrary to the provisions of the ordinance, Daub instituted an evaluation procedure involving Johnson, along with other fire division employees, to determine which of these employees would be demoted or laid off effective December 31, 1998, due to 1999 budget constraints; that the continued employment of Johnson in violation of the ordinance constituted an unlawful and unauthorized expenditure of public funds; and that as a taxpayer and resident of the city of Omaha, Dunn was entitled to enjoy the benefits of city ordinances and to have those ordinances enforced. Dunn claimed his rights were violated due to appellants' conduct of continuing Johnson in employment beyond his 62d birthday. For Dunn's relief, he sought a declaratory judgment that the ordinance was valid and enforceable, a temporary injunction enjoining appellants from taking any action to retain Johnson in employment in violation of the ordinance, and a permanent injunction retiring Johnson from employment. No written opposition to the petition appears in the record.

On December 11, 1998, Dunn's petition came on for evidentiary hearing before the district court. Appellants appeared at the hearing and orally opposed the petition, arguing that Dunn did not have standing to bring the action. With respect to the merits, appellants argued that the ordinance was unenforceable because it violated state laws against age discrimination in employment.

At the hearing, Dunn offered into evidence, without objection, a certified copy of the ordinance. Appellants introduced no evidence. Counsel for all parties agreed at the hearing to stipulate that the ordinance existed, that Johnson was one of the defendants to the action, and that he would be 62 years of age on December 26, 1998.

On December 22, 1998, the district court entered its written order in which it found that Dunn "ha[d] an interest in the subject matter of the lawsuit" and concluded that Dunn had standing. The court further considered the validity of the ordinance and concluded that the ordinance was "valid and enforceable" and that judgment should be entered on the merits in favor of Dunn. This appeal followed.

## ASSIGNMENTS OF ERROR

Appellants have assigned two errors. Appellants claim the district court erred (1) in concluding that Dunn had standing to bring the action and (2) in concluding that the ordinance was valid and enforceable.

## STANDARD OF REVIEW

■ In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independent from the conclusion reached by the trial court. *Heinold v. Siecke*, 257 Neb. 413, 598 N.W.2d 58 (1999).

## ANALYSIS

Dunn filed the instant case seeking declaratory and injunctive relief. Dunn sought a declaration by the district court that appellants were required to comply with a valid ordinance, the enforcement of which would cause the city of Omaha to retire Johnson from employment at age 62 in accordance with the provisions of the ordinance. The injunctive relief sought by Dunn, namely a temporary and a permanent order restraining appellants from continuing Johnson in employment, was dependent upon the declaratory relief Dunn requested.

Following the hearing of December 11, 1998, on December 22, the district court concluded that Dunn had standing and that the ordinance was "valid and enforceable," and granted Dunn declaratory and injunctive relief. Appellants then appealed, assigning as errors the district court's determinations that Dunn had standing and that the ordinance was valid and enforceable.

In reviewing the record, we note a procedural omission on the part of Dunn which obviates the need to address the assigned errors. In particular, we note that it is clear from the record before us that the city of Omaha, a statutorily necessary party, was not made a party to Dunn's declaratory judgment action.

Neb. Rev. Stat. § 25-21,159 (Cum. Supp. 1998) provides:

When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceed-

ing. In any proceeding which involves the validity of a municipal ordinance . . . such municipality shall be made a party, and shall be entitled to be heard.

This court has repeatedly considered § 25-21,159. In *Concerned Citizens v. Department of Environ. Contr.*, 244 Neb. 152, 159, 505 N.W.2d 654, 660 (1993), we observed that "[t]his court has held on numerous occasions that the statute authorizing declaratory judgments is applicable only where all interested and necessary persons are made parties to the proceeding." See, *Taylor Oil Co. v. Retikis*, 254 Neb. 275, 575 N.W.2d 870 (1998); *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994); *Redick v. Peony Park*, 151 Neb. 442, 37 N.W.2d 801 (1949). We have defined a necessary or indispensable party as "one who has an interest in the controversy to an extent that such party's absence from the proceedings prevents the court from making a final determination concerning the controversy without affecting such party's interest." *Taylor Oil Co.*, 254 Neb. at 280, 575 N.W.2d at 873. See, also, *Concerned Citizens v. Department of Environ. Contr., supra.*

In considering the impact of the failure to join a necessary party under § 25-21,159, we have stated that " '[t]he presence of necessary parties [in declaratory judgment actions] is jurisdictional and cannot be waived, and if such persons are not made parties then the district court has no jurisdiction to determine the controversy.' " *Taylor Oil Co.*, 254 Neb. at 280, 575 N.W.2d at 873, quoting *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995). See, also, *Concerned Citizens v. Department of Environ. Contr., supra*; *Shepoka v. Knopik*, 197 Neb. 651, 250 N.W.2d 619 (1977); *Redick v. Peony Park, supra.*

Dunn sought a declaratory judgment that the ordinance was valid and enforceable and that appellants' actions in retaining Johnson in employment violated the ordinance. Appellants orally opposed Dunn's petition, arguing the ordinance violated state law and, therefore, was unenforceable. The district court entered an order which concluded that the ordinance was "valid and enforceable." It is apparent that the instant action "involve[d] the validity of a municipal ordinance," under § 25-21,159, and that pursuant to this statute, the city of Omaha should have been a party to the action.

The absence of a statutorily mandated necessary party prevents a court from finally deciding a controversy. The city of Omaha's participation in the action is a jurisdictional requirement, and Dunn's failure to include the city of Omaha, which was a statutorily necessary party, mandates that we vacate the district court's judgment and dismiss the appeal.

## CONCLUSION

■ Dunn failed to comply with the jurisdictional prerequisites of § 25-21,159, which required Dunn to include the city of Omaha as a statutorily necessary party in a declaratory judgment action involving the validity of a city ordinance. Accordingly, the judgment of the district court is vacated, and the appeal is dismissed.

VACATED AND DISMISSED.