Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/06/2026 08:10 AM CST

- 906 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
320 NEBRASKA REPORTS
POWERS v. BOARD OF DIRECTORS OF ELMWOOD TOWER
Cite as 320 Neb. 906

MARY POWERS, APPELLANT, V. BOARD OF DIRECTORS
OF ELMWOOD TOWER ET AL., APPELLEES.
___ N.W.3d ___

Filed March 6, 2026.    No. S-24-899.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides.
2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
3. **Declaratory Judgments: Courts: Jurisdiction: Parties.** The rule in a declaratory judgment action is that all who have or claim any interest which would be affected by the declaration sought are indispensable parties, and when all such parties have not been joined, the district court has no jurisdiction to determine the controversy.
4. **Declaratory Judgments: Parties: Words and Phrases.** In a declaratory judgment action, a party is "indispensable" when the party has an interest in the controversy to an extent that such party's absence from the proceedings prevents the court from making a final determination concerning the controversy without affecting such party's interest.

Appeal from the District Court for Douglas County: LEIGH ANN RETELSDORF, Judge. Vacated and remanded with directions to dismiss.

Vincent M. Powers, of Powers Law, for appellant.

Christopher R. Hedican and Spencer R. Murphy, of Baird Holm, L.L.P., for appellees.

- 907 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
POWERS v. BOARD OF DIRECTORS OF ELMWOOD TOWER
Cite as 320 Neb. 906

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, Bergevin, and Vaughn, JJ.

Papik, J.

Shortly after Mary Powers was elected to the board of directors of Elmwood Tower, a Nebraska nonprofit corporation, a dispute arose between Powers and other members of the board of directors. Those other directors, pursuant to a provision in the corporation's bylaws, voted to remove Powers from the board of directors. Powers responded by filing an action in district court. Powers named as defendants "[t]he Board of Directors of Elmwood Tower," the individual board members who voted to remove her, and a board member who was appointed to replace her. Powers sought a declaration that her removal was void and an order restoring her to the board. The district court rejected Powers' claim on summary judgment, concluding that, under the undisputed facts, Powers' removal was consistent with Nebraska law.

Powers now appeals to us, arguing that the provision of the bylaws that permitted her removal violates the Nebraska Nonprofit Corporation Act. We, however, conclude that we cannot resolve that argument, because Elmwood Tower was an indispensable party and Powers' failure to join it deprived the district court of subject matter jurisdiction. Accordingly, we vacate the judgment of the district court and remand the cause with directions to dismiss it without prejudice.

BACKGROUND

*Powers Elected to and Then Removed*
*From Elmwood Tower Board.*

Elmwood Tower is a Nebraska nonprofit corporation. It operates an apartment building in Omaha, Nebraska, with the same name. Residents of the apartment building sign lifetime leases with Elmwood Tower. Under the corporation's bylaws, those lifetime leaseholders have the right to elect members of the Elmwood Tower board of directors.

- 908 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
POWERS v. BOARD OF DIRECTORS OF ELMWOOD TOWER
Cite as 320 Neb. 906

Powers, a lifetime leaseholder, was elected to the Elmwood Tower board of directors and took office in July 2023. According to Powers, disagreements subsequently arose between her and the other members of the board of directors. Those disagreements came to a head in December 2023 when the other six members of the board of directors voted to remove her as a director. They did so pursuant to a provision in Elmwood Tower's bylaws that allows for the removal of a director upon the vote of five of the seven members of the board of directors.

*Declaratory Judgment Action.*

Powers responded by filing an action for a declaratory judgment in district court. She named "[t]he Board of Directors of Elmwood Tower" as a defendant, along with the six individual board members who voted to remove her and a seventh individual board member who was appointed to replace her. She did not name Elmwood Tower as a defendant.

Powers alleged in her complaint that her removal from the board of directors violated the Nebraska Nonprofit Corporation Act. See Neb. Rev. Stat. § 21-1901 et seq. (Reissue 2022). More specifically, Powers asserted that all lifetime leaseholders are "members" of Elmwood Tower for purposes of the Nebraska Nonprofit Corporation Act because Elmwood Tower's bylaws grant them the right to vote in elections for the board of directors. See § 21-1914(20). Powers further contended that under § 21-1975, directors elected by members can be removed only under circumstances not present in this case. Powers asked that the district court declare that her removal was void and order her restoration to the board and the removal of her replacement.

Both sides eventually moved for summary judgment. Defendants argued they were entitled to summary judgment because Powers' argument that her removal was unlawful depended on her contention that she was elected by members, but, according to defendants, Elmwood Tower had no

- 909 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
POWERS v. BOARD OF DIRECTORS OF ELMWOOD TOWER
Cite as 320 Neb. 906

members. Defendants pointed out that the Nebraska Nonprofit Corporation Act does not require a corporation to have members, see § 21-1940, and that Elmwood Tower's Articles of Incorporation stated that "[t]he Corporation Shall not have members," see § 21-1921(a)(5) (nonprofit corporation's articles of incorporation shall state "[w]hether or not the corporation will have members").

The district court denied Powers' motion for summary judgment and granted defendants' motion for summary judgment. It concluded that Elmwood Tower had no members and that Powers could be removed pursuant to the removal provision in Elmwood Tower's bylaws.

Powers appealed.

## ASSIGNMENTS OF ERROR

Powers assigns three errors, but for purposes of this appeal, they can be paraphrased as one: She claims that the district court erred by concluding that her removal from the board of directors did not violate the Nebraska Nonprofit Corporation Act.

## STANDARD OF REVIEW

[1] A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides. *Kimball v. Rosedale Ranch*, 319 Neb. 650, 24 N.W.3d 841 (2025).

## ANALYSIS

[2] Although the parties' arguments in this case focus on whether the district court was correct to conclude that Elmwood Tower had no members, we are obligated to first consider whether we have jurisdiction. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Castillo v. Libert Land Holdings 4*, 316 Neb. 287, 4 N.W.3d 377 (2024). This obligation requires appellate courts to consider whether the court from which the appeal

- 910 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
POWERS v. BOARD OF DIRECTORS OF ELMWOOD TOWER
Cite as 320 Neb. 906

was taken had jurisdiction, because if it did not, then the appellate court acquires no jurisdiction. See *Swicord v. Police Stds. Adv. Council*, 314 Neb. 816, 993 N.W.2d 327 (2023). In this case, we analyze whether the district court lacked subject matter jurisdiction because Powers failed to join an indispensable party.

[3,4] When, as here, declaratory relief is sought, Neb. Rev. Stat. § 25-21,159 (Reissue 2016) requires that "all persons shall be made parties who have or claim an interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." The rule in a declaratory judgment action is that all who have or claim any interest which would be affected by the declaration sought are indispensable parties, and when all such parties have not been joined, the district court has no jurisdiction to determine the controversy. *SID No. 2 of Knox Cty. v. Fischer*, 308 Neb. 791, 957 N.W.2d 154 (2021). A party is "indispensable" under this rule when the party has an interest in the controversy to an extent that such party's absence from the proceedings prevents the court from making a final determination concerning the controversy without affecting such party's interest. *Id.*

We hold that Elmwood Tower was an indispensable party to this declaratory judgment action. The declaratory judgment action asked the district court to determine the rightful board members of Elmwood Tower. The district court's resolution of that issue would determine which individuals would have the authority to manage Elmwood Tower. See § 21-1968(b) ("all corporate powers shall be exercised by or under the authority of, and the affairs of the corporation managed under the direction of, its board"). In the words of our rule regarding indispensable parties, the district court could not decide the declaratory judgment action without affecting Elmwood Tower's interests.

Our decision is consistent with *Harness v. Richarson*, 436 S.W.3d 581 (Mo. App. 2014), a Missouri appellate court

- 911 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
320 NEBRASKA REPORTS
POWERS v. BOARD OF DIRECTORS OF ELMWOOD TOWER
Cite as 320 Neb. 906

decision involving a fact pattern very similar to the one before us. In that case, plaintiffs initiated a declaratory judgment action alleging that their respective removals from a nonprofit corporation's board of directors were void. Plaintiffs named as defendants the individuals who were the other members of the board of directors, but did not name the corporation itself. After the trial court ordered plaintiffs reinstated, the other members of the board of directors appealed. The appellate court reversed on the grounds that the corporation was an indispensable party that had not been joined. The appellate court reasoned that the corporation had "a vital interest in the identity of its board of directors" and that the corporation's duties and relationships with third parties "could be affected by the composition of its board of directors." *Id.* at 585, 586.

In *Harness*, the court relied on *Jones v. Jones*, 285 S.W.3d 356 (Mo. App. 2009), another case decided by a Missouri appellate court. In *Jones*, the appellate court concluded that a nonprofit corporation was an indispensable party in an action in which plaintiff claimed that she, rather than defendant, rightfully held a corporate officer position. The appellate court explained that the corporation had an interest in a lawsuit involving the "identity of its directors and officers" and noted that the remedies requested by plaintiff would require action by the corporation. *Id*. at 361. As in *Jones*, in this case, if Powers were to obtain the declaratory relief she seeks, the corporation would need to take action to effectuate it.

At oral argument, Powers' counsel argued that Elmwood Tower was not an indispensable party to this lawsuit. Although counsel appeared to recognize the necessity of naming as a defendant someone beyond the individual board members who voted to remove Powers and Powers' replacement, he argued that it was not necessary to name Elmwood Tower as a defendant, because Powers had joined Elmwood Tower's board of directors. In support of this argument, counsel likened the naming of the board of directors in this case to a suit naming the Board of Regents of the University of Nebraska.

- 912 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
POWERS v. BOARD OF DIRECTORS OF ELMWOOD TOWER
Cite as 320 Neb. 906

See, e.g., *Shlien v. Board of Regents*, 263 Neb. 465, 640 N.W.2d 643 (2002).

We are not persuaded that Powers could establish subject matter jurisdiction by naming the board of directors as a defendant. It is generally recognized that the board of directors of a corporation is not a legal entity capable of being sued. As an Ohio appellate court has explained, while a corporation's board of directors is the "body with the ultimate responsibility of making decisions on behalf of the corporation," it is not "some sort of corporate entity within a corporation." *Flarey v. Youngstown Osteopathic Hosp.*, 151 Ohio App. 3d 92, 96, 783 N.E.2d 582, 585, 586 (2002). Many other courts have agreed that a corporation's board of directors lacks the capacity to be sued. See, e.g., *Lopez-Rosario v. Programa Seasonal Head Start*, 245 F. Supp. 3d 360 (D. Puerto Rico 2017); *Heslep v. Americans For African Adoption, Inc.*, 890 F. Supp. 2d 671 (N.D. W. Va. 2012); *Siegler v. Sorrento Therapeutics, Inc.*, 2021 WL 3046590 (Fed. Cir. July 20, 2021); *Tahari v. 860 Fifth Ave. Corp.*, ___ A.D.3d ___, 244 N.Y.S.3d 534 (2025); *Willmschen v. Trinity Lakes Improvement*, 362 Ill App. 3d 546, 840 N.E.2d 1275, 298 Ill. Dec. 840 (2005).

Not only do we agree with those courts that have recognized that generally, a corporation's board of directors is not a legal entity with the capacity to be sued, we are not convinced by Powers' suggestion that if the Board of Regents of the University of Nebraska can be sued, so too can the board of directors of Elmwood Tower. The Board of Regents of the University of Nebraska has the capacity to be sued because a statute declares that board to "constitute a body corporate" and "as such may sue and be sued." See Neb. Rev. Stat. § 85-105 (Reissue 2024). The Nebraska Nonprofit Corporation Act does not include similar language stating that the boards of directors of nonprofit corporations can sue and be sued, and, in fact, the statute expressly provides that it is the corporation itself that can sue and be sued. See § 21-1928(1).

- 913 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
320 NEBRASKA REPORTS
POWERS v. BOARD OF DIRECTORS OF ELMWOOD TOWER
Cite as 320 Neb. 906

Because Elmwood Tower was an indispensable party and the presence of all indispensable parties is jurisdictional, the district court had no jurisdiction to determine the controversy. See *SID No. 2 of Knox Cty. v. Fischer*, 308 Neb. 791, 957 N.W.2d 154 (2021). For that reason, we vacate the district court's judgment for lack of jurisdiction and remand the cause with directions to dismiss it without prejudice. See *id.*

## CONCLUSION

For the foregoing reasons, we vacate the judgment of the district court and remand the cause with directions to dismiss it without prejudice for failure to join an indispensable party.

VACATED AND REMANDED WITH DIRECTIONS TO DISMISS.